UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ [illegible] ★

---

Scott James Stuart,

Plaintiff,

-against-

The City of New York, Charles Stewart, in his individual capacity, John Does 1 through 5, in their individual capacities,

Defendants

---

ECF CASE      BROOKLYN OFFICE

COMPLAINT AND DEMAND
FOR JURY TRIAL

# 11      2315

AMON, CH.J.      REYES, M.J.

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a).

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5.      The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.      Plaintiff SCOTT JAMES STUART is a citizen of the United States and a resident of New York.  Mr. Stuart is a master's level Board Certified Music Therapist. Currently, as he was at the time of the incident giving rise to this Complaint, he works at the Shorefront Jewish Geriatric Center, located at 3015 West 29th Street in Brooklyn, on a music therapy project funded by a grant from the New York State Department of Health.  He works on a daily basis with elderly nursing home residents who have dementia, providing music therapy to help reduce agitation and depression.

7.      Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of

the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.    At all relevant times herein, defendant CHARLES STEWART was a police officer employed by the NYPD and was acting in the capacity of agent, servant and employee of the City.

10.   At all relevant times herein Defendant Stewart held the rank of detective.

11.   At all relevant times herein, defendant JOHN DOES 1 THROUGH 5 were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

12.   Plaintiff is unable to determine the actual names of John Does 1 through 5 at this time and thus sues them under fictitious names.

13.   At all times relevant herein, defendants Stewart and John Does 1 through 5 (collectively, the "Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

14.   The Individual Defendants are sued in their individual capacities.

-3-

## STATEMENT OF FACTS

15.     At approximately 11:45 AM on October 7, 2010, plaintiff Scott James Stuart had just left the post office at 2727 Mermaid Avenue in Brooklyn, where he had gone to mail a letter for work.

16.     On his walk back to work, Mr. Stuart stopped by his car, which was parked on Surf Avenue, between West 25th and West 27th Streets.

17.     As he was walking from his car back to work at the Shorefront Jewish Geriatric Center, a van pulled up very slowly along side his car, traveling in the opposite direction of traffic.

18.     The van came to a stop and a man, one of the defendants herein, got out and asked Mr. Stuart if he was "from around here." The man was wearing street clothes and did not identify himself as a police officer in any way.

19.     Not knowing who this man was or what he wanted, and fearful of the manner in which the van appeared to have followed him, a frightened Mr. Stuart began to run towards his workplace.

20.     Mr. Stuart soon realized that more than one person was chasing him.

21.     Terrified that his pursuers were attempting to mug him, he briefly ran into the street in an effort to attract attention.

22.     When Mr. Stuart finally reached the sidewalk in front of the Shorefront Jewish Geriatric Center he collapsed, falling to the ground and chipping his front tooth.

-4-

23.     No sooner did he fall then he was pinned to the ground by the men chasing him. They began to beat Mr. Stuart about his upper body.  None of these men in any way identified themselves as police officers.

24.     Mr. Stuart, still unaware that these men were in fact officers, began to shout out for help.

25.     Finally, Mr. Stuart was pulled to his feet. When another one of the officers asked why Mr. Stuart ran, he explained that he thought the first man was attempting to mug him.

26.     The officers then removed Mr. Stuart's wallet and phone from his pockets and took the work identification that was around his neck.

27.     The officers than asked Mr. Stuart if he had drugs in his car, listing several specific controlled substances by name.  Mr. Stuart told them that he did not have any of those drugs in his car.

28.     That notwithstanding, and notwithstanding the lack of probable cause, consent or exigency, one of the officers left to search Mr. Stuart's car.

29.     After having searched the car, the officer returned with Mr. Stuart's prescription medication.

30.     Mr. Stuart was then handcuffed behind his back and placed into the back of a waiting police van in which four other handcuffed men were already sitting.

31.     Mr. Stuart was brought to the NYPD's 60th Precinct, where his arrest was

processed.

32.    At approximately 3:23 PM, Mr. Stuart was given a Desk Appearance Ticket (the "DAT") and released from police custody.

33.    The DAT was returnable in Kings County Criminal Court on November 16, 2010.

34.    According to the DAT, the "arresting officer" was defendant Charles Stewart of the Narcotics Borough Brooklyn South.

35.    According to the DAT, the "top offense" with which Mr. Stuart was charged was a violation of New York State Penal Law § 178.10, Criminal Diversion of Prescription Medications and Prescriptions in the Fourth Degree.

36.    Mr. Stuart did not commit this or any other offense.

37.    Mr. Stuart retained the services of attorney Ronald S. Nir to defend him against the false charges brought by the police.

38.    By letter dated December 14, 2010, the Kings County District Attorney's office advised Mr. Nir that "a prosecution arising out of [Mr. Stuart's] arrest has been declined."

39.    Mr. Stuart's brutal arrest at the hands of the defendant officers took place in broad daylight directly outside of his workplace.

40.    As a direct and proximate result of Mr. Stuart's arrest, he was suspended from his job at the Shorefront Jewish Geriatric Center.  Mr. Stuart was not reinstated until January 10, 2011. Because the hours of his co-workers were increased to compensate for Mr. Stuart's

absence, when Mr. Stuart was finally allowed to return to work, his hours were reduced to part-time. His suspension from work and the subsequent reduction in hours has resulted in both lost income and the possibility that Mr. Stuart will not be able to obtain the necessary number of hours of professional experience to become a Licensed Creative Arts Therapist in New York State before his grant expires.

## NOTICE OF CLAIM

41.     On December 20, 2010, within 90 days from the dates the claims alleged in this Complaint arose, a Notice of Claim was served on the City.

42.     At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

43.     The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

44.     All other paragraphs herein are incorporated by reference as though fully set forth.

45.     By battering, assaulting, arresting, detaining, charging and prosecuting the Plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and

-7-

imprisonment, excessive force and malicious prosecution.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

46.     All other paragraphs herein are incorporated by reference as though fully set forth.

47.     Municipal liability for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

48.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this Complaint, the defendant City, acting through the NYPD, knew or should have known that Defendant Stewart was unfit as a police officer and a detective insofar as, *inter alia*, he had previously committed tortuous and unconstitutional acts of a similar nature to those alleged herein and that he had a propensity for tortuous and unconstitutional conduct.  Defendant Stewart has been sued for in Federal Court for civil

rights violations in the following cases:

*Yamahi Hogarth v. The City of New York, et al.*, 05 Civ. 4850 (EDNY)

*Daron Clark v. The City of New York, et al.*, 09 Civ. 3671 (SDNY)

*Paul Gosling v. The City of New York, et al.*, 09 Civ. 3778 (EDNY)

*Bruce Trezevant v. The City of New York, et al.*, 10 Civ. 475 (EDNY)

*Brandon Currie v. The City of New York, et al.*, 10 Civ. 486 (EDNY) (case pending)

*Kevin Sharpe v. The City of New York, et al.*, 10 Civ. 775 (EDNY)

*Jeric Griffith v. Detective Charles Stewart, et al.*, 10 Civ. 6066 (EDNY) (case pending)

*Hector Cruz v. The City of New York, et al.*, 10 Civ. 8503 (SDNY) (case pending)

*Maurice Atkinson v. The City of New York, et al.*, 11 Civ. 865 (EDNY) (case pending)

51.     Despite the foregoing, the City failed to take remedial action against Detective Stewart and, were complaints also made against Defendant Stewart, the City failed to adequately investigate and address them.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

52.     All other paragraphs herein are incorporated by reference as though fully set forth.

53.     By the actions described above, the Individual Defendants, jointly and

severally, violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

54.     Municipal liability for these torts rest upon principles of *respondeat superior*.

## FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery

55.     All other paragraphs herein are incorporated by reference as though fully set forth.

56.     By the actions described above, the Individual Defendants jointly and severally violated the Plaintiff's rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Plaintiff suffered and continues to suffer from physical pain and injury.

57.     Municipal liability for these torts rest upon principles of *respondeat superior*.

## FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution

58.     All other paragraphs herein are incorporated by reference as though fully set forth.

59.     By the actions described above, the Individual Defendants, jointly and severally, violated the Plaintiff's rights under New York law to be free from malicious prosecution, as a direct and proximate result of which the plaintiff suffered continued

damage in his attempt to clear himself from the false and maliciously imposed charges.

60.    Municipal liability rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Award compensatory and punitive damages to the Plaintiff against the defendants, jointly and severally;

3.    Award plaintiff reasonable costs, disbursements and attorney's fees; and

4.    Grant any other relief the court deems appropriate.

Dated: New York, New York
           May 3, 2011

                                         Respectfully submitted,

                                         Darius Wadia, L.L.C.


                                         By:  Darius Wadia (Bar number DW8679)
                                         Attorney for Plaintiff
                                         233 Broadway, Suite 2208
                                         New York, New York  10279
                                         dwadia@wadialaw.com

-11-